# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA COCHRAN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-1249** |
| **UNITED PARCEL SERVICE, INC., et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is plaintiff's motion *in limine* regarding the admissibility at the jury trial of this matter of: (1) evidence that plaintiff is a party in an unrelated lawsuit; and (2) evidence of the fact that plaintiff is receiving worker's compensation benefits as a result of the accident in this case.[1]  Defendants oppose plaintiff's motion *in limine* with respect to plaintiff's other lawsuit.[2]  Defendants do not oppose plaintiff's motion *in limine* with respect to the worker's compensation benefits issue.[3]  Plaintiff filed a reply in further support.[4]

**IT IS ORDERED** that plaintiff's motion *in limine* be and hereby is **GRANTED AS UNOPPOSED** with respect to the admissibility of plaintiff's receipt of worker's compensation benefits.  Defendants will not be allowed to introduce evidence of plaintiff's receipt of worker's compensation benefits at the jury trial of this matter.

The Court now turns to the admissibility of plaintiff's involvement in a pending lawsuit against the U.S. Army Corps of Engineers stemming from the Army Corps' alleged

---

[1] *See* R. Doc. 24.

[2] R. Doc. 27.

[3] *Id.*

[4] R. Doc. 30.

1

negligence relating to Hurricane Katrina (the "Hurricane Katrina lawsuit"). Plaintiff argues evidence of her involvement in the Hurricane Katrine lawsuit is irrelevant and prejudicial. Plaintiff does not object to defendants introducing evidence of plaintiff's other accidents or injuries and/or her history of medical and psychiatric treatment, but plaintiff seeks to exclude any reference by defendants to her status as a plaintiff in the Hurricane Katrina lawsuit. Defendants argue plaintiff's claims in the Hurricane Katrina lawsuit are "virtually identical" to the claims plaintiff is asserting in this case, and thus evidence of plaintiff's involvement in the Hurricane Katrina lawsuit is probative and relevant. Defendants argue the jury should be allowed to hear that plaintiff has asserted the same claims in two different lawsuits.

The Federal Rules of Evidence govern plaintiff's motion. Federal Rule of Evidence 403 provides that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403. Generally, if a defendant's sole purpose for introducing evidence of a plaintiff's litigation history is to paint the plaintiff as litigious, that litigation history is not admissible under Rule 403, unless the claims made in the prior lawsuits were fraudulent, because the probative value of the plaintiff's litigation history is outweighed by its prejudicial effect. *See Henderson v. Peterson*, No. 07-2838, 2011 838169, at *5 (N.D. Cal. July 15, 2011); *Seals v. Mitchell*, No. 04-3764, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011); *Alexander v. Wal-Mart Stores, Inc.*, No. 11-752, 2013 WL 427132, at *1-2 (D. Nev. Feb. 1, 2013); *Feezor v. Golden Bear Rest. Grp.*, No. 09-3324, 2012 WL 2873353, at *1-2

(E.D. Cal. July 12, 2012). The introduction of a plaintiff's litigation history for the sole purpose of proving her litigious character also runs afoul of the general rules relating to character evidence contained in Rules 404(a) and 404(b). *See* FED. R. EVID. 404(a), (b). If a plaintiff's litigation history is offered for a reason other than to prove the plaintiff's litigious character, however, the Court, as with any other piece of evidence, assesses the relevance of that history and considers the prejudicial effect the introduction of that history would have as compared to its probative value. *See, e.g., Francois v. Colonial Freight Sys., Inc.*, No. 06-434, 2007 WL 4564866, at *10 (S.D. Miss. Dec. 21, 2007) (denying motion *in limine* to exclude plaintiff's litigation history because evidence of plaintiff's prior lawsuits was relevant to plaintiff's credibility and claimed damages).

Despite plaintiff's insistence to the contrary, defendants are not seeking to introduce her litigation history for the sole purpose of impeaching her character. Instead, the Court agrees with defendants that plaintiff's involvement in the Hurricane Katrina lawsuit is relevant to the issue of damages in this case, as the jury may be required to determine whether plaintiff's alleged damages are attributable to the accident giving rise to this lawsuit or attributable to the U.S. Army Corps of Engineers' alleged negligence.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff's motion *in limine* be and hereby is **DENIED** with respect to the admissibility of plaintiff's involvement in the Hurricane Katrina lawsuit. Defendants will be allowed to introduce evidence of plaintiff's involvement in the Hurricane Katrina lawsuit at the jury trial of this matter.

**New Orleans, Louisiana, this** __29th__ **day of March, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

3